UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RATH KOY, | 1:10-cv-02306 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | [Doc. 13] |
| ERIC H. HOLDER JR., et al., | |
| Respondents. | |

Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on December 12, 2010.  Petitioner challenges his indefinite detainment by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636©.

**I.   BACKGROUND**

Petitioner is a native of Cambodia. In August 2007, Petitioner was ordered to be removed from the United States. Petitioner was taken into custody on September 7, 2010, and asserts that he has been indefinitely detained since that date and that the Unites States is unable to effectuate his removal in the reasonably foreseeable future. In the habeas petition, Petitioner asserts only that his continued detention violated the doctrine stated by the United

States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

## II. ANALYSIS

Respondent presents evidence to the Court that Petitioner was removed from the United States to Cambodia on October 2, 2011. Because a petition for habeas relief attacks issues regarding Petitioner's continued detention, this petition has become and remains moot.

The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action relating to his continued detention, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron, 930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09, 103 S. Ct. 1660, 1664-65, 75 L. Ed. 2d 675 (1983) (internal quotations omitted). As Petitioner is no longer detained, his habeas petition alleging that his detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1064-65.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention. Petitioner has been removed from the United

1 | States. He is no longer detained.  There is no existing case or controversy over which this
2 | Court may exercise jurisdiction. Accordingly the case is moot and must be dismissed.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:  October 24, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE